UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TION ALONZO HILL, SR., | No. C 09-5434 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| DEPUTY ARNOLD, etc.; et al., | |
| Defendants. / | |

## INTRODUCTION

Tion Alonzo Hill, Sr., an inmate at the San Francisco County Jail # 5, filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that excessive force was used on him at the jail. The complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When the inmate on whom force is used is a pretrial detainee rather than a convict, his claim arises under the Fourteenth Amendment rather than the Eighth Amendment, although the Eighth Amendment would serve as a benchmark for evaluating the claim. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

In his complaint, plaintiff alleges that, on July 13, 2009, he was "attacked" by deputy Arnold and other deputies. He further alleges that he was handcuffed too tightly, was forced into every wall and dragged by his hands while cuffed. He alleges that he was at the time complying with orders and not resisting. He further alleges that he was taken to the lock-up part of the jail, where he was attacked by sergeant Sanchez and other deputies who "proceeded to kick on me and twist my ankle and [force] into the middle of my back." Complaint, p. 3.

Liberally construed, the complaint states a § 1983 claim against defendants deputy Arnold (star # 1950), and sergeant Sanchez for the use of excessive force on Hill. The parties may later inform the court of Hill's status at the time of the incident so that his claim can be analyzed under the correct constitutional provision; the distinction does not matter today because the complaint states a claim under either the Eighth or Fourteenth Amendment. The complaint does not state a claim for relief against the facility captain or the Sheriff or the San Francisco Sheriff's Department, all of whom were apparently listed as defendants because they were the employers of the alleged wrongdoers and none of whom were alleged to have played any role in the alleged constitutional violation. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory).

**CONCLUSION**

For the foregoing reasons,

1.  Plaintiff has stated a cognizable § 1983 claim against San Francisco Sheriff's deputy Arnold (star # 1950) and San Francisco Sheriff's sergeant Sanchez for the use of excessive force against him. All other defendants and claims are dismissed.

2.  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon San Francisco Sheriff's deputy Arnold (star # 1950) and San Francisco Sheriff's sergeant Sanchez, both of whom apparently work at the San Francisco County Jail # 5 in San Bruno, California.

3.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.  No later than **July 2, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 6, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

    > The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
    >
    > Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

3

If summary judgment is granted, your case will be dismissed and there will be no trial. (<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998).

        c.     If defendants wish to file a reply brief, they must file and serve the reply brief no later than **August 20, 2010**.

4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: April 1, 2010

                        Marilyn Hall Patel
                        United States District Judge