United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TION ALONZO HILL, SR.,                          No. C 09-5434 MHP (pr)

            Plaintiff,                          **ORDER DENYING MOTION TO
                                                DISMISS AND SETTING SCHEDULE**
      v.

DEPUTY ARNOLD, etc.; et al.,

            Defendants.
_____/

**INTRODUCTION**

      Tion Alonzo Hill, Sr., formerly an inmate at the San Francisco County Jail, filed this
pro se civil rights action under 42 U.S.C. § 1983 alleging that excessive force was used on
him at the jail.  The matter is now before the court for consideration of defendants'
unopposed motion to dismiss on the ground that Hill did not exhaust administrative remedies.

**BACKGROUND**

      In his complaint, Hill alleged that, on July 13, 2009, he was "attacked" by deputy
Arnold and other deputies.  He further alleged that he was handcuffed too tightly, was forced
into every wall and dragged by his hands while cuffed.  He alleged that he was at the time
complying with orders and not resisting.  He further alleged that he was taken to the lock-up
part of the jail, where he was attacked by sergeant Sanchez and other deputies who
"proceeded to kick on me and twist my ankle and [force] into the middle of my back."
Complaint, p. 3.

      Hill filed an inmate grievance about the incident.  See Cauteruccio Decl., Ex. A.  In

his grievance, Hill stated that force was used on him by deputy Arnold and other deputies. The grievance did not mention sergeant Sanchez by name or title.

The issue presented by defendants' motion is whether the failure to name sergeant Sanchez as one of the wrongdoers means that the claim against sergeant Sanchez is unexhausted.

**DISCUSSION**

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The administrative grievance system available to inmates at the San Francisco County Jail at the relevant time is described in the San Francisco Sheriff's Department Policy And

Procedure No. F-06, which is described in the Keller Declaration but mistakenly not attached to it.  Keller describes the administrative grievance system thusly: An inmate fills out an inmate grievance form and submits it to a member of the staff.  The inmate and staff member attempt to resolve the grievance immediately.  Regardless of whether it is resolved at that level, the grievance is given to the watch commander to log.  If the grievance is not resolved at the initial level, the watch commander has five days to try to resolve it and return it to the inmate.  If the inmate is dissatisfied, he may appeal to the facility commander of the jail, who has five days to try to resolve it and return it to the inmate.  If the inmate is dissatisfied with that response, he may appeal to the custody division commander of the Sheriff's Department. A decision by the custody division commander is final and completes the grievance process.

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).  Because the written policy is not attached to the Keller declaration, it cannot be determined whether that written policy explains the level of detail that the inmate must include in his grievance.  The grievance form itself directs the inmate: "Please be specific: time, date, etc.)"  Cauterruccio Decl. Ex. A.  The grievance form does not direct the inmate to identify by name all the alleged wrongdoers.   In light of the absence of any mention on the form about the requisite level of factual specificity as to the wrongdoer's identity, it appears that the grievance suffices if it alerts the prison to the time and date of the wrong for which redress is sought.  See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); see, e.g., O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act). The grievance need not include every fact necessary to prove each element of an eventual legal claim.  Griffin, 557 F.3d at 1120.

3

United States District Court
For the Northern District of California

Having compared the § 1983 complaint with the inmate grievance, the court concludes that Hill did exhaust administrative remedies regarding the claims in his complaint against Sanchez as well as Arnold.  Hill's inmate grievance focused on deputy Arnold, but also mentioned that other members of the correctional staff were present during the assault. The fact that Hill did not identify sergeant Sanchez by name is immaterial to the exhaustion question because Hill was not required by the form or policy to name each of the wrongdoers.  See Jones, 549 U.S. at 219.  The gist of Hill's inmate grievance was that he had been subjected to unnecessary force on July 13, 2009.  Hill's grievance provided enough information about the incident that a reasonable investigation of it would have uncovered (if true) that sergeant Sanchez was a participant.

If an inmate genuinely wanted relief in the administrative grievance and appeal process, he would help his cause greatly by being very specific as to what happened, who caused his problem and what relief he wanted, but the failure to do so does not mean he has not exhausted administrative remedies.   Proper exhaustion requires a minimum level of information rather than an optimal level of information.  Hill provided the minimum level of information necessary to exhaust administrative remedies.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is DENIED.  (Docket # 10.) In light of the denial of the motion to dismiss, the court now sets the following schedule to move this case toward resolution:

1.      No later than **February 18, 2011**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

2.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **March 18, 2011**.  Plaintiff is reminded to bear in mind the notice and warning regarding summary judgment in the order of service as he prepares his opposition to any summary judgment

4

motion.

3.      If defendants wish to file a reply brief, they must file and serve the reply brief no later than **April 4, 2011**.

Plaintiff is reminded that he must send to defendants' counsel a copy of <u>every</u> document he files in this action.

IT IS SO ORDERED.

Dated: January 5, 2011

_____
Marilyn Hall Patel
United States District Judge