UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TION ALONZO HILL,

    Plaintiff,

  v.

JOSHUA ARNOLD, et al.,

    Defendants.

Case No. 09-cv-05434-TEH

**ORDER BIFURCATING ISSUES AT TRIAL**

The Court has considered the parties' arguments regarding Plaintiff's First Motion in Limine (Docket Nos. 149, 163). The Court is concerned that evidence of Plaintiff's criminal history will be highly prejudicial to Plaintiff's case. However, such evidence is also relevant to whether Defendants' actions caused Plaintiff's alleged injuries (an element of Plaintiff's Fourteenth Amendment claim), as well as the extent of any such harm to be considered in a damages calculation. Plaintiff's Proposed Jury Instructions at 3 (Docket No. 128); Defendants' Proposed Jury Instructions at 2 (Docket No. 130). Indeed, Plaintiff's own damages expert testified that the death of Plaintiff's girlfriend, for which Plaintiff was convicted of murder and attempted arson, is a "secondary cause" of his PTSD symptoms. Ex. N to Oldfather Decl. at 3 (Docket No. 167-14).

"[T]o avoid prejudice . . . the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b). In order to avoid prejudice against Plaintiff, IT IS HEREBY ORDERED that Plaintiff's trial shall be bifurcated into the following two phases: first, the parties shall try the first two elements of Plaintiff's Fourteenth Amendment claim, that is, whether Defendants used excessive force against Plaintiff with the intent to cause him harm, and related defenses. Second, if the jury returns a verdict for Plaintiff on the first two elements, the parties shall try the third element of the Fourteenth Amendment claim, whether the acts of Defendants caused harm to Plaintiff, as well as the extent of Plaintiff's damages.

1    Although it will not eliminate the risk of prejudice completely, the Court finds that
2 separate phases of trial on these issues will reduce the risk of prejudice to Plaintiff from the
3 jury considering the evidence for those elements for which it is not relevant, while
4 permitting consideration of the evidence where it is relevant.
5    This Order is not an order on Plaintiff's First Motion in Limine.  Nor does the
6 language above constitute an order on the parties' proposed jury instructions on the
7 Fourteenth Amendment claim.  Rather, the language merely outlines the two phases of
8 trial.

**IT IS SO ORDERED.**

Dated:  06/03/2015                    _____
                                       THELTON E. HENDERSON
                                       United States District Judge