UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TION ALONZO HILL,

Plaintiff,

v.

JOSHUA ARNOLD, et al.,

Defendants.

Case No. 09-cv-05434-TEH

**ORDER ON MOTIONS IN LIMINE, MOTION TO TAKE WITNESS OUT OF ORDER, AND LETTER REQUESTS**

The Court has reviewed the parties' motions in limine (Docket Nos. 138-145; 149-152), as well as Plaintiff's motion to take the testimony of Dr. Berg out of order (Docket No. 156), and letter requests from Defendants to use a map of the jail as a demonstrative at trial (Docket No. 172) and to exclude the testimony of Sgt. Quanico (Docket No. 182). After carefully considering these submissions, the Court considers oral argument unnecessary (except regarding the use of Plaintiff's burglary conviction as impeachment evidence, as discussed below), and hereby rules on these pending matters as follows:

### <u>Defendants' Motion in Limine No. 1</u>

Defendants seek to exclude any testimony, evidence, or argument regarding the jail's security video system as unfairly prejudicial and lacking in any probative value under Federal Rule of Evidence ("Rule") 403. Mot. at 3 (Docket No. 138). Further, Defendants argue that the loss of the video footage is irrelevant under Rules 401 and 402 because the city is not a party and the individual Defendants never possessed, controlled, or had access to the videotape. *Id.* at 4. Plaintiff argues that the fact that there was video footage at one point is relevant to Plaintiff's credibility; that the video was lost under questionable circumstances; and that the ubiquity of surveillance technology would lead a reasonable juror to wonder why footage was not included at trial. Opp'n at 3-5 (Docket No. 177).

Rule 401 states that evidence is relevant if it "has any tendency to make a fact more

or less probable" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Rule 402 creates a general presumption that relevant evidence is admissible unless otherwise prohibited.  Fed. R. Evid. 402.  Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The Court finds that evidence regarding the video system is relevant to Plaintiff's credibility and to his theory that Defendants' covered up the incident.  Further, there is only minimal risk of unfair prejudice to Defendants in discussing the footage, and arguments at trial will adequately cure that risk.  Defendants' First Motion in Limine is DENIED.

### Defendants' Motion in Limine No. 2

Defendants seek to preclude witnesses Jennifer Apperson and Willie Billops from testifying at trial because Plaintiff did not list either individual in his initial disclosures, citing Federal Rule of Civil Procedure 37(c)(1).  Mot. at 2 (Docket No. 139).  Defendants further assert that Plaintiff's counsel hindered attempts to interview and depose these witnesses, which delayed the deposition of Mr. Billops and precluded Defendants from conducting follow up discovery, and therefore that they will be prejudiced by his testimony under Rule 403.  *Id.* at 4-5.  Plaintiff does not object to the exclusion of Jennifer Apperson from the trial, because she has been so difficult to contact.  Opp'n at 1 (Docket No. 178).  However, Plaintiff opposes the motion as to Mr. Billops, on the basis that he was in fact interviewed and deposed by Defendants.  *Id.* at 2.  Plaintiff argues that as Defendants sought and were granted an extension of the discovery period, they had sufficient time to conduct discovery.  *Id.*  Furthermore, Plaintiff denies that counsel in any way obstructed Defendants' attempts to depose Mr. Billops, or that Defendants will suffer any unfair prejudice from his testimony, since they waited six weeks after his deposition before raising this issue.  *Id.* at 3.

2

United States District Court
Northern District of California

1    The Court finds that any prejudice Defendants may have suffered from Plaintiff's

2    failure to initially disclose Mr. Billops was cured by the fact that Defendants took his

3    deposition.  Additionally, Defendants have not shown what efforts they made to conduct

4    any subsequent discovery after deposing Mr. Billops; indeed, the parties submitted a joint

5    case management statement just ten days after the deposition, in which Defendants made

6    no mention of this issue.  Joint Case Management Statement (Docket No. 116).  Nor have

7    Defendants identified what prejudice they would suffer if his testimony is included.

8    Defendants' Second Motion in Limine is therefore GRANTED as to Ms. Apperson, but

9    DENIED as to Mr. Billops.

10

11    **Defendants' Motion in Limine No. 3**

12    Defendants' Third Motion in Limine seeks to exclude evidence and argument

13    regarding complaints, grievances, and other incidents relating to Defendants as

14    inadmissible character evidence under Rules 402, 403, and 404(b).  Mot. at 3 (Docket No.

15    140).  Plaintiff argues that this evidence is admissible for other purposes, such as proof of

16    motive, opportunity, intent, preparation, plan, knowledge or absence of mistake, and as

17    proof for Plaintiff's punitive damages claim and also for impeachment purposes.  Opp'n at

18    2 (Docket No. 179).

19    Rule 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible

20    to prove a person's character in order to show that on a particular occasion the person

21    acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  The Rule continues,

22    "This evidence may be admissible for another purpose, such as proving motive,

23    opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

24    accident."  Fed. R. Evid. 404(b)(2).

25    The Court finds Plaintiff's alternative purposes unpersuasive; Plaintiff has not

26    shown how evidence of a small number of other complaints against Defendants will go to

27    Defendants' intent in any way other than as improper character evidence suggesting that

28    Defendants acted in conformity with a character trait.  Defendants' Third Motion in

United States District Court
Northern District of California

1   Limine is GRANTED.  However, Plaintiff shall be permitted to use such complaints as

2   impeachment evidence if either Defendant specifically contradicts the evidence therein.

3   *See* Fed. R. Evid. 608(b) advisory committee's note.

4

5   **Defendants' Motion in Limine No. 4**

6   Defendants move to exclude evidence regarding the sufficiency of the San

7   Francisco Sheriff's Department's Internal Affairs investigation and any purported policy,

8   training, or disciplinary shortcomings of the City of San Francisco ("the City") as

9   irrelevant under Rule 402 and as substantially more prejudicial than probative under Rule

10  403.  Mot. at 2-3 (Docket No. 141).  Plaintiff concedes that he is not bringing a *Monell*

11  claim, but argues that the motion is overbroad, preventing him from arguing the merits of

12  individual pieces of evidence.  Opp'n at 1 (Docket No. 176).

13  Plaintiff's contention that this motion is overbroad has merit – Defendants broadly

14  request the exclusion of "any *Monell* type evidence and testimony" without referring to

15  specific documents or witnesses.  Mot. at 3.  However, this overbreadth does not

16  necessitate a complete denial.  The evidence at issue shall be excluded to the extent it is

17  used to make arguments for a *Monell* claim.  Because Plaintiff is not making a *Monell*

18  claim, introducing evidence for this purpose would not be probative of a fact of

19  consequence to the action.  Fed. R. Evid. 401, 402.  However, the evidence shall not be

20  excluded as it pertains to Plaintiff's claims against the individual Defendants.  The

21  evidence is relevant to describing what happened in Plaintiff's case, including whether

22  Defendants took any steps to cover up what happened to Plaintiff.  The Court is not

23  persuaded that the evidence poses any substantial risks of unfair prejudice or confusing the

24  issues under Rule 403.  Defendants' Fourth Motion in Limine is accordingly GRANTED

25  as it relates to arguments for the City's liability under a *Monell* theory, but is DENIED as it

26  relates to claims against Defendants.

27

28

4

United States District Court
Northern District of California

1

**Defendants' Motion in Limine No. 5**

2        Defendants move to exclude all testimony regarding other instances of law

3   enforcement misconduct not involving Defendants.  Mot. at 2-3 (Docket No. 142).

4   Plaintiff agrees to exclude evidence of several recent controversies involving law

5   enforcement, but argues that the credibility of Defendants' witness Ms. Orcutt turns on her

6   response to past examples of potential misconduct.  Opp'n at 1-2 (Docket No. 174).

7   Plaintiff specifically identifies portions of Ms. Orcutt's deposition testimony, in which she

8   states that she was told to "stay out of" a prior incident which may have involved

9   misconduct, and that the Sheriff's Department's ability to prevent her from working at the

10  jail is "always . . . hanging over [her] head."  *Id.* (citing Haycock Decl. at 6, 10 (Docket

11  No. 174-1)).

12       The Court agrees with Plaintiff.  Ms. Orcutt's credibility will depend, in some part,

13  on what she believed the consequences of reporting misconduct to be.  It would be

14  impossible to evaluate her state of mind without evidence of how she responded to prior

15  incidents of potential misconduct.  This evidence is relevant to evaluating Ms. Orcutt's

16  testimony regarding Plaintiff's injuries in this case, and its probative value outweighs any

17  of the Rule 403 concerns.  Moreover, Defendants have not shown that, as a treating nurse,

18  Ms. Orcutt would lack personal knowledge of the facts to which she would testify, or that

19  her opinion would be unhelpful.  *See* Fed. R. Evid. 603, 701.

20       Defendants' Fifth Motion in Limine is therefore GRANTED IN PART and

21  DENIED IN PART.  The Court will exclude all evidence, testimony and argument

22  regarding incidents of law enforcement misconduct not involving Defendants, except that

23  Plaintiff may introduce evidence of such incidents for the purpose of establishing Ms.

24  Orcutt's state of mind regarding her treatment of Plaintiff in this case and her subsequent

25  actions.

26

27

28

United States District Court
Northern District of California

**Defendants' Motion in Limine No. 6**

Defendants move to exclude the testimony of Plaintiff's cellmate, Mr. Demarco, because he did not appear at his deposition and they have not been able to otherwise prepare for his cross-examination.  Mot. at 1-2 (Docket No. 143).  Plaintiff does not oppose excluding his testimony from trial if he is unable to be located by the day before trial.  Opp'n at 1 (Docket No. 169).

The Court finds that the testimony of Mr. Demarco would be highly relevant to this matter, but that allowing him to testify without a deposition or other preparation would constitute unfair prejudice to Defendants, under Rule 403.  *See* Fed. R. Evid. 403. However, given the potential importance of his testimony, the Court will entertain a motion to allow Defendants to take his deposition and to permit him to testify, should he be located on any day before the close of trial.  The Court accordingly GRANTS Defendants' Sixth Motion in Limine without prejudice.

**Defendants' Motion in Limine No. 7**

Defendants move to exclude testimony regarding the statements of "random inmates," Mr. Demarco, and Deputy Ferrigno regarding other inmates being beaten by other deputies, as inadmissible hearsay under Rules 801(c) and 802.  Mot. at 1 (Docket No. 144).  Plaintiff agrees to exclude Deputy Ferrigno's statements, but argues that the statements of other inmates are admissible non-hearsay, because Plaintiff intends to introduce them for the non-hearsay purpose of Plaintiff's state of mind and to show causation of his PTSD symptoms.  Opp'n at 1 (Docket No. 170).

Rule 801(c) defines hearsay as a statement that "the declarant does not make while testifying at the current trial or hearing" which "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  Hearsay is generally inadmissible.  Fed. R. Evid. 802.  However, under the definition in 801(c), out of court statements are not hearsay if they are used for a purpose other than proving the truth of what was asserted therein.  *See* Fed. R. Evid. 801(c).

The Court finds that these statements are inadmissible hearsay under Rule 801(c), to the extent that they would be used to show the truth of the matters asserted therein. Moreover, Plaintiff's asserted non-hearsay purpose is not persuasive – the Court finds that any contribution to Plaintiff's alleged injuries from these statements would very likely be minimal. The minimal probative value that these statements offer is substantially outweighed by the risk of unfair prejudice and confusion of the issues, as the jury could improperly consider these other inmates' statements as evidence regarding what happened to Plaintiff. Fed. R. Evid. 403. Moreover, a limiting instruction would not be sufficient to minimize these risks. Defendants' Seventh Motion in Limine is therefore GRANTED.

### **Defendants' Motion in Limine No. 8**

Defendants finally seek to exclude testimony or argument regarding punitive damages. Mot. at 1-2 (Docket No. 145). Defendants argue that in his complaint, Plaintiff did not allege any facts to support an award of punitive damages, nor did he specifically ask for punitive damages. *Id.* Defendants further contend that Plaintiff has had sufficient time to amend his Complaint with the assistance of competent counsel yet has failed to do so. *Id.* at 2. Plaintiff asserts that his *pro se* Complaint requesting "monetary compensation" includes a request for punitive damages under *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) (courts must liberally construe civil rights complaints filed *pro se*). Opp'n at 1 (Docket No. 175). Further, Plaintiff contends that Defendants will not suffer unfair prejudice should punitive damages be permitted to proceed to trial as Defendants' proposed jury instruction on excessive force includes an "intent to harm" element, and such intent is closely related to the standard for punitive damages in a section 1983 case. *Id.* at 1-2 (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983) ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.")).

The Court agrees with Plaintiff. This *pro se* Complaint is sufficient for the

United States District Court
Northern District of California

United States District Court
Northern District of California

1   admission of punitive damages.  To the extent the Complaint is deficient in this regard, the

2   Court will allow it to be amended to conform to the facts presented at trial.  *See* Fed. R.

3   Civ. P. 15(b).  Moreover, the "intent to harm" element of the excessive force claim is

4   sufficient to fulfill the punitive damages requirement of conduct "shown to be motivated

5   by evil motive or intent" under *Smith v. Wade*.  Defendant's Eighth Motion in Limine is

6   DENIED.

7

8        **Plaintiff's Motion in Limine No. 1**

9        Plaintiff moves to exclude all evidence of his criminal history as unfairly prejudicial

10  and improper character evidence, under Rules 403 and 404(b).  Mot. at 1 (Docket No.

11  149).  Defendants argue that Plaintiff's criminal history is highly probative of the cause of

12  Plaintiff's alleged injuries, as his alleged wrist injuries may have been caused by other

13  arrests or detentions involving handcuffs, and his alleged Post Traumatic Stress Disorder

14  ("PTSD") symptoms may have been caused by him killing his girlfriend, for which he was

15  convicted of murder and attempted arson.  Opp'n at 6, 8 (Docket No. 163).  Defendants

16  also argue that Plaintiff's convictions may be used as impeachment evidence under Rule

17  609.  *Id.* at 9-10.

18       It is unclear whether Plaintiff intends to introduce Plaintiff's conviction for the 2009

19  burglary as background, as Plaintiff's counsel stated he may do at the pretrial conference.

20  Transcript of Pretrial Conference at 14 (Docket No. 180).

21       After considering the parties' arguments, the Court ordered the bifurcation of the

22  trial into two phases: a first phase for the first two elements of Plaintiff's Fourteenth

23  Amendment claim, regarding whether Defendants used excessive force with the intent to

24  harm Plaintiff, and a second phase, if necessary, for the last element of that claim,

25  regarding whether Defendants harmed Plaintiff, and a calculation of damages.  June 3,

26  2015 Order at 1 (Docket No. 196).  The Court now finds that evidence of Plaintiff's

27  criminal history is not relevant to the first phase of trial, except, potentially, for the limited

28  extent for impeachment evidence discussed below.

United States District Court
Northern District of California

1    However, the Court finds that Plaintiff's convictions are relevant to the second

2    phase of trial.  If it happens at all, the second phase will determine whether Defendants

3    caused harm to Plaintiff, and if so, the amount of damages to be awarded in light of those

4    injuries.  Defendants have demonstrated that Plaintiff's prior criminal activity, including

5    multiple arrests and convictions for murder and attempted arson involving the death of his

6    girlfriend, could be an alternate cause of Plaintiff's alleged injuries.

7    While the Court continues to be concerned about the prejudice that Plaintiff will

8    suffer from introducing this evidence, the Court finds that, given the relevance of this

9    evidence, the danger of unfair prejudice does not substantially outweigh the probative

10   value of Plaintiff's convictions for the matters to be determined in the second phase of

11   trial, and that the evidence therefore should not be excluded from that phase under Rule

12   403.

13   Rule 609(a) allows felony criminal convictions to be used to attack a witness's

14   character for truthfulness, subject to the balancing test of Rule 403.  Fed. R. Evid. 609(a).

15   Here, the Court finds that Plaintiff's convictions for murder and attempted arson fail under

16   the Rule 403 test, and therefore cannot be admitted as impeachment evidence under Rule

17   609(a) during the first phase of trial.  If the jury is presented with Plaintiff's convictions

18   for murder, or attempted arson, there is a substantial risk that they would be unwilling to

19   find for Plaintiff simply because of those convictions, and not because of the weight of the

20   evidence.  Moreover, neither of these crimes involved dishonesty, so they are not

21   necessarily indicative of Plaintiff's character for truthfulness.  *E.g.*, *Eng v. Scully*, 146

22   F.R.D. 74, 78 (S.D.N.Y. 1993).

23   However, the Court is not convinced that Plaintiff's burglary conviction would be

24   similarly prejudicial.  Moreover, as noted, it is not clear if Plaintiff intends to introduce

25   evidence of the burglary conviction himself, as he stated at the pretrial conference.  The

26   parties shall therefore present oral argument on the first day of trial regarding whether

27   evidence of Plaintiff's burglary conviction may be admitted during the first phase.

28

9

1    Accordingly, Plaintiff's First Motion in Limine is GRANTED as to Plaintiff's

2  criminal history, except his burglary conviction, for the first phase of trial, but DENIED as

3  to the second phase of trial.  The Court reserves judgment on the introduction of the

4  burglary conviction during the first phase of trial.

5

6    **Plaintiff's Motion in Limine No. 2**

7    Plaintiff seeks to exclude any evidence regarding non-party Willie Billops' criminal

8  history.  Mot. at 1 (Docket No. 150).  Plaintiff contends that Mr. Billops' criminal history

9  is irrelevant under Rule 402 and is more prejudicial than probative under Rule 609(b).  *Id.*

10  Defendants contend that Mr. Billops' criminal history is relevant to the instant case as

11  Defendants are corrections officers and Mr. Billops was convicted of stabbing a

12  corrections officer while in prison.  Opp'n at 3 (Docket No. 164).  Defendants argue that

13  Mr. Billops' stabbing of a corrections officer is demonstrative of his hatred and bias

14  toward corrections officers in general.  *Id.*  Defendants also assert that Mr. Billops'

15  incarceration must be known to the jury so that the jury may be aware of the context of

16  some of Mr. Billops' testimony, such as statements in his deposition in which he

17  demonstrates his knowledge of life inside prison.  *Id.* at 4.

18    Rule 609(b)(1) allows for the introduction of a criminal conviction over ten years

19  old for impeachment purposes if "its probative value, supported by specific facts and

20  circumstances, substantially outweighs its prejudicial effect."  Fed. R. Evid. 609(b)(1).

21  Such convictions are considered "presumptively inadmissible as too remote."  *United*

22  *States. v. Bay*, 762 F.2d 1314, 1317 (9th Cir. 1984).

23    Here, Mr. Billops' criminal convictions are all more than a decade old and are, thus,

24  presumptively inadmissible.  Mr. Billops' criminal history is not exceptional under these

25  circumstances, despite the fact that he once stabbed a corrections officer and both

26  defendants in this case are corrections officers.

27    Furthermore, Defendants fail to meet Rule 609's requirement of supporting with

28  "specific facts and circumstances" why the admission of Mr. Billops' criminal history is

United States District Court
Northern District of California

United States District Court
Northern District of California

1  substantially more probative than it is prejudicial.  The mere fact that Mr. Billops stabbed a

2  corrections officer over ten years ago, without more, does not show that he is now inclined

3  to lie on Plaintiff's behalf because of an innate hatred of corrections officers; more facts

4  about that incident would be needed to make such a showing under Rule 609(b)(1).

5       Finally, the need for the jury to know Mr. Billops' criminal history in order to

6  understand the context of his testimony does not substantially outweigh the prejudicial

7  effect of admitting his criminal record.  The Court simply does not find Defendants'

8  examples of this supposedly needed context persuasive – for example, a jury does not need

9  to know about Mr. Billops' convictions in order to make sense of his statement to Plaintiff

10 that "[s]ometimes [an incident like Plaintiff's] happens when people go to jail and run they

11 [sic] mouth."

12      Accordingly, Plaintiff's Second Motion in Limine is GRANTED.

13

14      **Plaintiff's Motion in Limine No. 3**

15      Plaintiff seeks to exclude evidence of his disciplinary history and housing activity

16 card at the jail.  Mot. at 1 (Docket No. 151).  Plaintiff contends that his disciplinary history

17 and housing activity card are irrelevant under Rule 402, impermissible character evidence

18 under Rule 404(b), and that their probative value is substantially outweighed by their

19 prejudicial effect under Rule 403.  *Id.* at 1-3.  Defendants assert that Plaintiff's prior

20 incidents in prison should be admitted as they are substantially similar incidents.  Opp'n at

21 3 (Docket No. 165).  Further, Defendants argue that the evidence offers impeachment of

22 plaintiff's deposition testimony that prior to the incident he had "nothing negative" to say

23 about law enforcement.  *Id.* at 4.  Finally, Defendants contend that, at least, the Court

24 should admit the disciplinary evidence stemming from the incident at issue so that the jury

25 will be aware that the event was properly reported.  *Id.*

26      The Court finds that the probative value of this evidence is substantially outweighed

27 by risk of unfair prejudice under Rule 403 and that it is improper character evidence under

28 404(b).  In the Court's view, the entries on Plaintiff's housing card do not show unusual

United States District Court
Northern District of California

behavior for a jail inmate, yet a jury may nonetheless hold Plaintiff's behavior in jail against him, resulting in unfair prejudice to his case.  Furthermore, under Rule 404(b), evidence of Plaintiff's character cannot be used to show that on this particular occasion he acted in conformity therewith, yet such conformity appears to be Defendants' only reason for offering this evidence.  Defendants' arguments regarding *Duran v. City of Maywood*, 221 F.3d 1127 (9th Cir. 2000), miss this fundamental point, as Defendants do not offer a reason for submitting this evidence other than conformity with Plaintiff's allegedly bad character traits.

Thus, Plaintiff's Third Motion in Limine is GRANTED, with the following two caveats.  First, if Plaintiff disputes whether the incident at issue was properly recorded, the Court will instruct the jury that Plaintiff's housing activity card records a transfer to lock up on the relevant date.  Second, evidence from Plaintiff's disciplinary record or housing activity card will be admissible as impeachment evidence if Plaintiff specifically contradicts anything contained therein.  *See* Fed. R. Evid. 608(b) advisory committee's note.

### Plaintiff's Motion in Limine No. 4

Plaintiff moves to be present at trial free of restraints, or with minimal restraints, and in non-prison clothing.  Mot. at 1-3 (Docket No. 152).  Defendants do not oppose this motion, but defer to the needs of the United States Marshals in maintaining courtroom security.  Opp'n at 2 (Docket No. 166).

Plaintiff's motion is GRANTED as follows: Plaintiff shall be allowed to wear non-prison clothing throughout trial.  The Court finds that the following restraints are the minimum restraints appropriate to maintain security during the trial.  Plaintiff shall wear leg restraints, which shall be wrapped in duct tape to reduce noise.  Counsels' tables shall have skirts attached, so that Plaintiff's restraints are obscured and so both tables are made to appear similar.  Plaintiff's movement in the courtroom shall occur outside of the presence of the jury.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Plaintiff's Motion to Take Dr. Berg's Testimony Out of Order

Plaintiff also moves to take Dr. Berg's live testimony out of order, because Dr. Berg's wife is receiving an award in Louisiana, making him unavailable during the first week of trial.  Mot. at 1-2 (Docket No. 156).  Although the parties apparently dispute the nature of the award she is receiving and the extent to which Plaintiff's stated reasons have changed, the Court finds it appropriate to allow Dr. Berg to be with his wife as requested.

Moreover, given the fact that the Court has bifurcated the trial into two phases, it expects that Dr. Berg's testimony will only be needed, if at all, for the second phase of trial.  The relief requested by Plaintiff's motion makes even more sense now that the trial has been bifurcated.

Plaintiff's motion is GRANTED.  In addition, Defendants shall be allowed to take the live testimony of Dr. Strassberg following Dr. Berg's testimony.

### Defendants' Letter Request to Use Map as Demonstrative Exhibit

Defendants submitted a letter request, after the deadline for motions in limine had passed, to use a map for demonstrative purposes during opening statements and trial.  May 26, 2015 Oldfather Letter at 1-2 (Docket No. 172).  Plaintiff does not oppose the use of the exhibit for purely demonstrative purposes during opening, but objects to its use as evidence at trial.  Response at 3 (Docket No. 189).

Defendants' request to use the map as a demonstrative showing the general layout of the jail during opening argument is GRANTED as unopposed.  However, Defendants did not file their request as a motion in limine, and the merits of introducing the exhibit as evidence have not been sufficiently argued by the parties' letters.  Plaintiff's objection to the exhibit is therefore preserved, and he may raise it if Defendants intend to introduce the map as evidence, in accordance with the Court's Order Setting Trial Rules and Procedures (Docket No. 186).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Letter Request to Exclude Testimony of Sgt. Quanico**

Finally, Defendants also submitted a letter request to exclude the trial testimony of Sgt. Quanico because Plaintiff submitted an explanation of Sgt. Quanico's expected testimony *in camera*.  May 28, 2015 Oldfather Letter at 1 (Docket No. 184).  The Court finds Defendants' request extraordinary.  It was entirely appropriate for Plaintiff to submit his explanation *in camera*, as the explanation would be expected to contain materials prepared by Plaintiff's counsel in preparation for trial.  Fed. R. Civ. P. 26(b)(3).  Nothing in the Court's colloquy with Plaintiff's counsel at the pretrial conference should have caused Defendants' counsel to expect to be able to review Plaintiff's explanation.  Moreover, even if Defendants correctly understood the Court to have ordered the explanation to be filed in the public record, the complete exclusion of Sgt. Quanico's testimony would be a wholly disproportionate sanction for Plaintiff's filing the explanation *in camera*.  Even so, there was no violation here; as stated above, Plaintiff's submission was entirely appropriate.  Defendants' letter request is DENIED.

**IT IS SO ORDERED.**

Dated:   06/04/15

THELTON E. HENDERSON
United States District Judge