UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TION ALONZO HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSHUA ARNOLD, et al.,<br><br>    Defendants. | Case No. 09-cv-05434-TEH<br><br>**ORDER EXPLAINING REASONING FOR OMITTING QUALIFIED IMMUNITY INSTRUCTION** |

    Both parties proposed separate jury instructions on qualified immunity. However, the Court concludes that no qualified immunity instruction is appropriate in this case, because a finding for Plaintiff on the first two elements of his excessive force claim would preclude a finding for Defendants on their qualified immunity defense.

    It is clearly established law that "the Due Process Clause [of the Fourteenth Amendment] protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). It is also clearly established law that "the due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Hydrick v. Hunter*, 500 F.3d 978, 998 (9th Cir. 2007), *vacated on other grounds*, 556 U.S. 1256 (2009). And, it is clearly established law that applying force in the prison context "maliciously and sadistically for the very purpose of causing harm" constitutes an Eighth Amendment violation. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Applying these principles, the Court concludes that every reasonable Sheriff's deputy would know that it was a violation of Plaintiff's rights to use excessive force against him with the "purpose . . . to cause harm unrelated to a legitimate law enforcement objective." Joint Proposed Particular Rights Instruction, Ex. A to Oldfather Decl. (Docket No. 192-1).

1    Defendants' cited cases do not persuade the Court otherwise.  In both *Marquez v.*
2    *Gutierrez* and *Jeffers v. Gomez*, there were mere allegations of officer malice, not jury
3    findings, such as would be the case here if the jury finds for Plaintiff on the second
4    element of the Particular Rights Instruction.  *See Marquez*, 322 F.3d 689, 693 (9th Cir.
5    2003); *Jeffers*, 267 F.3d 895, 911-12 (9th Cir. 2001).  Moreover, Defendants' out-of-circuit
6    cases regarding tight handcuffing in the Fourth Amendment context do not convince the
7    Court that Defendants could be entitled to qualified immunity here, if the jury finds that
8    such handcuffing was done with the intent to cause harm unrelated to a legitimate law
9    enforcement objective.

**IT IS SO ORDERED.**

Dated:   06/15/15                                    _____
                                                                    THELTON E. HENDERSON
                                                                    United States District Judge

2